# N. Y. SUPERIOR COURT.

## WILLIAM H. KNOEPPEL agt. KINGS COUNTY FIRE INSURANCE COMPANY.

*Deposition of party to an action — power of court — section 401 of the Code.*

The court has no power to appoint a referee to take the affidavit or deposition of a party to an action on a motion, on behalf of the adverse party, under the seventh subdivision of section 401 of the Code, chapter 8, which falls under the title of "motions and orders."

The 389th section of the Code, chapter 6, the title of which falls under the "examination of parties," positively forbids any action in aid of the prosecution or defense of another action, or any examination of a party in behalf of the adverse party, "except in the manner prescribed by this chapter."

*Special Term, July,* 1874.

MOTION for the appointment of a referee to take the examination of a party.

*Sullivan, Kobbe & Fowler,* for plaintiff.

*Rodman & Adams,* for defendant.

SPEIR, *J.*— There seems to be a conflict of authority whether the court has power to appoint a referee to take the affidavit or deposition of a party to an action on a motion, on behalf of the adverse party, under the seventh subdivision of section 401 of the Code. Judge CARDOZO, in *Fisk* agt. *Chicago, Rock Island and Pacific R. R. Co.* (3 *Abb.* [*N. S.*],

Knoeppel agt. Kings County Fire Insurance Company.

430), held such power was given. Judge BARRETT held the opposite opinion in *Hodkin* agt. *Atlantic & Pacific R. R. Co.* (5 *Abb.* [*N. S.*]). The authority stands balanced.

· If it be supposed that the 401st section, subdivision 7, furnishes authority for the action of the court, it is not only in contradiction of the 389th section of the Code, but it is absolutely forbidden by it. That section declares that "No action to obtain discovery under oath in aid of the prosecution or defense of another action shall be allowed ; nor shall any examination of a party be had on behalf of the adverse party, except in.the manner prescribed by this chapter."

The section quoted falls under the sixth chapter of the Code, the title of which is " examination of parties."

The 401st section falls under the eighth chapter, the title of which is "motions and orders," and the section itself defines what a motion is, and how and where made. It will be seen that the subject of the examination of parties is the appropriate head, and if the examination of a party to an action is absolutely prohibited on behalf of · the adverse party, it would be against all legal rules of construction to infer that it might be authorized under some other section of the Code, falling under another and different title not treating of parties to an action.

The title, therefore, as well as the section 389, positively forbids any action in aid of the prosecution or defense of another action, or any examination of a party in behalf of the adverse party, "except in the manner prescribed by this chapter."

The only reason suggested that such power is given in section 401 arises from the use of the phrase, contained in the seventh subdivision, "any person." Hence it is inferred·that this includes a party as well as. a witness. As the title of this chapter has no reference to parties, but is limited to the general subject of "motions and orders," the phrase used must be defined to mean any witness other than a party to the action, as it clearly does both from the context and the

title. The prohibition is not violated, and the harmony of both sections is thus secured. I fully agree, therefore, with Mr. Justice BARRETT in his opinion, and have offered the above additional reasons to those given by him, and believe that his exposition is in entire accord with the policy of the law in restricting the examination of parties to an action within proper bounds.